JOSÉ R. VÉLEZ, demandante y apelante, *v.* EL MUNICIPIO DE AÑASCO, demandado y apelado.

No. 6474.—*Sometido:* Noviembre 13, 1934. *Resuelto:* Mayo 29, 1935.

*M. Figueroa del Rosario,* abogado del apelante; *Ildefonso Freyre,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Vélez inició este litigio para que se determinara su supuesto derecho a que el municipio de Añasco le suministrara agua, de conformidad con las disposiciones de cierta franquicia concedida a dicho municipio. Éste excepcionó alegando falta de hechos suficientes para determinar una causa de acción, falta de jurisdicción, y la existencia de otra acción pendiente entre las mismas partes. La corte de distrito declaró sin lugar la primera y tercera de dichas excepciones, mas, resolviendo que la Comisión de Servicio Público tenía jurisdicción exclusiva sobre la materia, sostuvo la segunda y desestimó la demanda.

Vélez alegó que el municipio, actuando como corporación de servicio público, posee, mantiene y explota un sistema de acueducto para abastecer de agua potable a los habitantes del pueblo de Añasco mediante el pago de los tipos correspondientes por dicho servicio, de acuerdo con una franquicia que le fué otorgada por la Comisión de Servicio Público de Puerto Rico en julio 31 de 1923 y de acuerdo con las tarifas aprobadas por la misma Comisión con posterioridad a instancia del demandado; que el demandante es dueño de un kiosco sito en un solar en la plaza Ibáñez de Añasco; que el demandante se dirigió al Alcalde con fecha 10 de mayo de 1933 solicitando servicio de agua para dicho kiosco, remitiendo al mismo tiempo un giro postal por la suma de $2.25 a la orden del tesorero municipal por concepto de depósito para responder del pago del agua que se consuma en caso de que se faltare al pago de alguna mensualidad de dicho servicio de agua, según requieren las tarifas propuestas por el demandado y aprobadas por la Comisión de Servicio

Público; que el municipio por representación de su alcalde contestó al demandante dicho requerimiento, negándose a prestarle el referido servicio de agua y alegando que lo impide un pleito de desahucio pendiente y la existencia de una ordenanza municipal que prohibe establecer o mantener negocios dentro de la plaza pública; que "la franquicia otorgada por la Comisión de Servicio Público de Puerto Rico al demandado el día 31 de julio de 1923 le autorizó y le autoriza para construir como construyó, y poseer, mantener y explotar, como posee, mantiene y explota, un sistema de acueducto para servir agua potable a la comunidad de Añasco, P. R., pero sin establecer discriminaciones, preferencias ni privilegios en dicho servicio y con la obligación de prestar servicio a todos los ciudadanos por igual, siempre que paguen los tipos o tarifas aprobados por la dicha Comisión y a que antes se ha hecho referencia, y con arreglo a las disposiciones de los artículos 2, 3, párrafos (a) y (b); 8, párrafo (b), y demás aplicables de la Ley de Servicio Público de Puerto Rico, aprobada el 6 de diciembre de 1917;" que "el hecho de que exista entre las partes mismas un pleito de desahucio en precario, en apelación ante el Tribunal Supremo de Puerto Rico, y relacionado con el mismo edificio, que el mismo demandado reconoce que es propiedad del demandante, no impide ni es motivo legal para que por el demandado no se preste el servicio de agua al dicho edificio porque la dicha acción de desahucio no priva al demandante del uso, goce y disfrute del dicho edificio mientras se substancia el dicho pleito y sin dicho servicio de agua el edificio no podría ser utilizado por el demandante ni por persona otra alguna y quedaría prácticamente clausurado y expropiado; asimismo alega el demandante que el hecho de que exista, si existe, una ordenanza prohibiendo establecimientos de negocios en la plaza principal de dicho pueblo donde está ubicado el edificio del demandante tampoco es motivo legal para no darle servicio de

agua porque actualmente el dicho edificio está desocupado y el demandado no puede prejuzgar de antemano el uso a que vaya a destinar el dicho edificio el demandante para aplicarle de manera irrazonable *a priori* la dicha ordenanza;" que "de acuerdo con las leyes sanitarias vigentes el dicho edificio antes descrito no podría ser abierto por él, ni utilizado, usado ni gozado en forma alguna, sin que esté provisto del servicio de agua y que la acción del demandado, negándole el servicio de agua sin justificación legal alguna constituye una clausura forzosa del edificio y una expropiación sin el debido proceso de ley;" y que "por los hechos expuestos ha surgido y existe una controversia entre el demandante y el demandado con respecto a la aplicación e interpretación de la dicha franquicia y a la aplicación e interpretación de los artículos 2, 3 y 8 de la Ley de Servicio Público de Puerto Rico, aprobada en diciembre 6 de 1917, con respecto a los poderes y deberes del demandado otorgados y exigidos por la dicha franquicia y por la referida ley, y con respecto al derecho del demandante a que se le rinda servicio de agua en el dicho edificio o en cualquiera otro de su propiedad con arreglo a la dicha franquicia y a la dicha ley, y que una sentencia declaratoria de esta corte interpretando la dicha franquicia y la dicha ley de servicio público y aclarando los derechos del demandante y del demandado derivados de dicha franquicia y de dicho estatuto pondría fin a dicha controversia y despejaría la incertidumbre en este caso."

Se solicitó se dictara sentencia que incluyera los siguientes pronunciamientos:

"(A) Que el demandado Municipio de Añasco, P. R., posee, mantiene y explota en el pueblo de Añasco, P. R., un sistema de acueducto que abastece de agua potable a la dicha población, según la franquicia aprobada por la Comisión de Servicio Público de Puerto Rico en julio 31 de 1923, y que en tal actividad el municipio demandado debe ser considerado como y es una compañía de servicio público, y que por los términos de dicha franquicia y de las tarifas

aprobadas después por la misma Comisión de Servicio Público de Puerto Rico como tal compañía de servicio público está obligado a dar servicio a todas las personas que lo soliciten dentro de la comunidad sin discriminación, preferencia ni privilegio, si pagaren dichas personas los tipos fijados en dichas tarifas, así como también está obligado a ello por las disposiciones de la Ley de Servicio Público de Puerto Rico, artículos 2, 3 y 8, y otros, aprobada el 6 de diciembre de 1917; y

"(B) Que el demandante amparado por la dicha franquicia y por la dicha Ley de Servicio Público tiene el derecho de que se rinda por el demandado servicio de agua en el dicho edificio o kiosco o en cualquier otro edificio de su propiedad en la población de Añasco, P. R., siempre que el demandante como ha prometido y está dispuesto a hacerlo pague por dicho servicio los tipos fijados por la tarifa aprobada por la Comisión de Servicio Público de Puerto Rico; y

"(C) Conteniendo todos aquellos otros pronunciamientos que fueren de ley en el caso."

El apelado se funda en el artículo 38 de la Carta Orgánica en relación con la sección 32 de la Carta Orgánica anterior; Estatutos Revisados de 1911, secciones 338–357, y más particularmente las secciones 345, 347, 348 y 351, y los artículos 14, 24, 25, 61 y 67 de la Ley de Servicio Público de 1917 (Leyes de ese año, pág. 433). La sección 2⟩ de la "Ley relativa a sentencias y decretos declaratorios," etc., aprobada el 25 de abril de 1931 (Leyes de ese año, pág. 379), dispone que:

"Toda persona . . . . cuyos derechos, estado u otras relaciones jurídicas fuesen afectados por un . . . . franquicia, podrá obtener la determinación de cualquier divergencia acerca de la interpretación o validez de dichos . . . . franquicia. Y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven."

No podemos convenir con el letrado del apelado en que la palabra "franquicia" no incluye las otorgadas por la Comisión de Servicio Público. No importa cuál haya sido la regla con anterioridad a la aprobación de la ley de 1931, las cortes de distrito tienen actualmente facultad y jurisdicción, a nuestro juicio, para interpretar las franquicias

concedidas por la Comisión de Servicio Público y considerar cuestiones relativas a derechos que, según se alega, se derivan de aquéllas.

*La resolución apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*